IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., <br><br> Plaintiff, <br> vs. <br> OAKHURST LODGE, *et. al.*, <br><br> Defendants. | 1:12-cv-0854 LJO-BAM <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT <br><br> (Document 22) |

On May 24, 2012, Plaintiff American Automobile Association, Inc. ("Plaintiff" or "AAA") filed the present motion for default judgment against Oakhurst Lodge ("Defendant" or "Oakhurst Lodge").[1] The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for November 9, 2012. The Court thereafter ordered Plaintiff to provide supplemental briefing on November 29, 2012. Plaintiff filed its supplement brief on December 5, 2012. Having reviewed the moving and supplemental brief, and the Court's file, the Court recommends that Plaintiff's Motion for Default Judgment be GRANTED. (Doc. 22).

/////

---

[1] Plaintiff does not seek default judgment against Defendant Chetankumar Patel. Plaintiff believes Patel is the former owner of Oakhurst Lodge, but is no longer involved with the entity. Accordingly, the Court orders that Plaintiff file a notice of voluntary dismissal as to Defendant Chetanukmar Patel or a notice informing the Court that it intends to proceed to trial against Defendant Chetanukmar Patel within fifteen (15) days of this order.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of the allegedly infringing use by Defendant Oakhurst Lodge of Plaintiff American Automobile Association's ("AAA") trademarks. (Pl.'s Compl., Doc. 1). Plaintiff is the owner of the AAA trademarks (the "AAA Marks"), used in connection with a number of services, including but not limited to rating tourist accommodations. (Pl.'s Compl. at ¶ 3, Doc. 1). AAA has used its "famous" and distinctive AAA Marks for over 100 years, in various industries, and has registered more than 100 of these marks with the United States Patent and Trademark Office ("USPTO"). (Pl.'s Compl. at ¶ 14). Defendant Oakhurst Lodge is a California corporation engaged in the business of providing tourist accommodations using the AAA Marks, including, displaying signage on its premises bearing the AAA Marks and representing Defendant's business as approved by AAA. Plaintiff filed the underlying complaint alleging that Defendant displayed the AAA Marks on its website and in advertising without Plaintiff's authorization. *Id.* at ¶ 27.

When Plaintiff discovered Defendant's use of the AAA Marks, it sent several cease and desist letters to Defendant via certified mail. *Id.* at ¶ 18. Despite Plaintiff's demands, Defendant has failed to cease and desist from all uses of the AAA Marks in connection with their goods and services. *Id.* at ¶ 19. Specifically, Defendant's website advertising Oakhurst Lodge continues to contain references to the AAA Marks (stylized logo) on its accommodations page. *See Oakhurst Lodge Accommodations*, http://www.oklodge.com/accom.html (last visited Nov. 8, 2012). On May 24, 2012, Plaintiff filed the instant suit alleging claims for trademark infringement (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), trademark dilution (15 U.S.C. § 1125(c)(1), Cal. Bus. & Prof. Code § 14330, and common law), and unfair competition (Cal. Bus. & Prof. Code § 17200). (Doc. 1).

The Summons and Complaint were served on Defendant by substitute service the agent for service of process, on June 5, 2011. (Doc. 13). Defendant has failed to file an answer or otherwise appear in this action. On July 24, 2012, the Clerk entered default against Defendant Oakhurst Lodge. (Doc. 17).

Notice of the request for entry of default and the instant motion for default judgment and supporting papers were served by mail on Defendant at its last known address. Despite being served

with the motion by United States Mail, Defendant has not responded. As a result, Plaintiff seeks a default judgment against Defendant as well as a permanent injunction.

## DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 55 provides, the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In assessing the *Eitel* factors, all well-pleaded factual allegations in the complaint are taken as true, except those with regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**B.     Jurisdiction and Service of Process**

Courts have an affirmative duty to examine their own jurisdiction—both subject matter and personal jurisdiction—when entry of judgment is sought against a party in default. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Since this is a trademark action, federal subject matter jurisdiction arises under the Lanham Act, 29 U.S.C. §§ 1114 and 1125(a). Personal jurisdiction arises from Defendant's commercial activities within California. *See Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

The Court must also assess whether the Defendant was served properly with notice of this action. Plaintiff personally served the Summons and Complaint on Defendant. (Doc. 13). A declaration of service filed with the Court demonstrates that Defendant was properly served with process on June 5, 2012 by substituted service on Jules Allen, the day manager of Oakhurst Lodge. FED. R. CIV. P. 4(e)(1). Further, notice of the complaint and this motion are not in dispute. After the complaint was served,

Plaintiff received a letter from Peter L. Fear stating that he represents Oakhurst Lodge in its Chapter 11 proceeding (*In re Oakhurst Lodge, Inc*. Case No. 11-17165-A-11). Mr. Fear expressly advised that he does not represent Defendant in any potential litigation matters, but that he would speak to Defendants about the lawsuit and their use of the AAA Marks. (Adams Decl. ¶ 5, Doc. 22, Ex. 2). On July 18, 2012, Plaintiff's counsel sent Mr. Fear a letter stating its intention to request an entry of default given Defendant's failure to respond to the Complaint. (Adams Decl. ¶ 7). The same day, Mr. Fear responded to the letter by email stating, "I have informed them as you send me things." *Id.* at 8. Plaintiff's representations of contact with Defendant through its bankruptcy counsel further affirms that Defendant has sufficient notice of the complaint. Thus, the Court finds Plaintiff properly effected service of process. FED. R. CIV. P. 4(e)(2)(A) (an individual may be served "by delivering a copy of the summons and of the complaint to the individual personally"); FED. R. CIV. P. 4(h)(1)(B) (a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."). Therefore, the Court has both subject matter and personal jurisdiction.

**C.    Bankruptcy Proceedings**

In light of defendant's bankruptcy, the Court must examine whether the instant trademark infringement action is subject to the automatic stay provisions of 11 U.S.C. § 362. On June 22, 2011, Defendant filed a voluntary petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of California. *In re Oakhurst Lodge*, Case No. 11-17165-A-11. As a general rule, the filing of a bankruptcy petition operates as a stay of the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy proceeding. 11 U.S.C. § 362(a)(1); *see In re Wade*, 948 F.2d 1122, 1123 (9th Cir. 1991). Although Defendant's Chapter 11 bankruptcy case is currently pending before the Bankruptcy Court for the Eastern District of California, trademark infringement is a tort that is not protected by the automatic stay of the Bankruptcy Code. *Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012) (default judgment affirmed and injunction issued for trademark infringement and trademark dilution despite defendant's pending bankruptcy). The automatic stay does not apply in a trademark infringement proceeding.

One of the overriding purposes of the Bankruptcy Code is to provide debtors with breathing room from their creditors to increase the chances of a successful reorganization. *In re Northwest Airlines Corp.*, 349 B.R. 338, 380 (S.D.N.Y. 2006). Thus, the Bankruptcy Code provides for a stay of other proceedings under certain circumstances. In staying other proceedings, the primary goal of the Bankruptcy Code is to protect interests in a debtor's property and to shield the estate from direct action taken by creditors against a debtor's real or personal property. *Larami Limited v. Yes! Entertainment Corp.*, 244 B.R. 56, 59-60 (D.N.J. 2000).

The bankruptcy stay does not apply automatically to an act or proceeding that does not affect the property of the debtor's estate. *In re Rook*, 102 B.R. 490, 492 (Bankr. E.D. Va. 1989), *aff'd* 929 F.2d 694 (4th Cir. 1991) ("matters which do not bear on a debtor's economic status [...] are not stayed by a bankruptcy court"). Further, automatic bankruptcy stay protection does not protect the tortious use of a debtor's property by the debtor. *See Dominic's Rest. of Dayton v. Mantia*, 2010 U.S. Dist. LEXIS 39636 (S.D. Ohio Mar. 25, 2010) (bankruptcy stay did not prevent injunctive relief in a patent infringement action against the debtor); *see also Seiko Epson Corp. v. Nu-Kote International, Inc.,* 190 F.3d 1360, 1364 (Fed. Cir. 1999)(a bankruptcy stay of proceedings did not prevent an injunction against the debtor in patent infringement case where the injunction would not deplete the assets of the debtor); *Larami*, 244 B.R. at 60 (a lawsuit brought during bankruptcy proceedings to enjoin the production or sale of an allegedly infringing product is not subject to the automatic bankruptcy stay protection because it goes to the tortious use of property by the debtor).

In *Larami Ltd. v. Yes! Entertainment Corp.*, the New Jersey District Court examined whether the automatic stay barred Plaintiff's patent suit. In *Larami*, the debtor argued that a creditor's attempt to enjoin the sale of an allegedly infringing toy would "exercise control over" property of the estate in violation of the automatic stay. The Court disagreed, stating:

> At its core, plaintiff's suit is an attempt to prevent allegedly unlawful conduct, not an attempt to directly exercise control over the property of the bankruptcy estate. Larami seeks to prevent Yes! from infringing on its patented water gun design. Larami does not seek to seize control of any of Yes!'s inventory or equipment. Indeed, Larami agrees that Yes! will remain in possession of the existing inventory and that it will be free to modify the water guns in order to avoid future infringement.
>
> . . .
>
> Section 362(a)(3) was intended to prevent interference with a bankruptcy court's orderly

disposition of the property of the estate, it was not intended to preclude post-petition suits to enjoin unlawful conduct. If this section were read to prevent the injunctive relief sought here, bankrupt businesses which operated post-petition could violate patent rights with impunity. . . . The Court declines to read § 362(a)(3) so broadly.

This Court agrees. The core issue in the instant matter is Defendant's alleged infringement on Plaintiff's service mark. Because this matter involves Defendant's use of its property to commit a tort, specifically the tort of trademark and service mark infringement, application of the automatic stay would permit Defendant to continue to commit this tort. Defendant's alleged commission of a tort is not protected by the Bankruptcy Code. *See Dominic's Rest. of Dayton, Inc.*, 683 F.3d at 761; *Larami*, 244 B.R. at 60; *Seiko Epson*, 190 F.3d at 1364; *In re Rook*, 102 B.R. at 493. Since, the bankruptcy stay protection does not reach this matter, the Court will consider whether Plaintiff is entitled to default judgement in this action.

**D.     The Eitel Factors**

In the Ninth Circuit, a Court's analysis of a motion for default judgment is guided by the standard set forth in *Eitel v. McCool*, 782 F.2d at 1471-72. Application of the facts of this case to the *Eitel* factors favor entry of default judgment against Defendant. First, if the motion were denied, Plaintiff will be prejudiced if default is not entered because absent judgment AAA will be without recourse for recovery.

Second, the Complaint is sufficient to support entry of a default judgment as to Oakhurst Lodge. Based on the factual allegations set forth in the Complaint, AAA is entitled to judgment against Defendant. Defendant has continually, knowingly and willfully violated AAA's rights in the AAA Marks by continuing to make unauthorized use of the Marks on their website. *See Oakhurst Lodge Accommodations*, http://www.oklodge.com/accom.html (last visited Nov. 8, 2012). Defendant's infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the AAA Marks.

Third, given the sufficiency of the Complaint, and Defendant's default, there is no dispute concerning the material facts. Fourth, Defendant was properly served, and Defendant's bankruptcy attorney has been in communication with Plaintiff's counsel regarding this case, so it is unlikely that Defendant's failure to answer and the resulting default resulted from excusable neglect. *Shanghai*

*Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Finally, with respect to the amount at stake, Plaintiff seeks injunctive relief rather than monetary damages, to prevent any future infringement of their trademark. This factor also weighs in favor of granting default judgment.

In sum, the Court finds the possibility of prejudice to Plaintiff in the absence of default judgment would be significant. Further, Plaintiff's Complaint is sufficient and serves to establish the merits of its substantive claims. No money is at stake, and in light of Defendant's failure to respond to proper service of the Summons and Complaint, there is little possibility of a dispute concerning material facts, nor is there any indication that Defendant's default was due to excusable neglect. While there exists a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, this policy should not serve to preclude Plaintiff from the remedy it seeks. *Eitel*, 782 F.2d at 1471-1472.

**E.  Trademark Infringement**

Section 1114(1)(a) of the Lanham Act prohibits "use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." Section 1125(a) of the Lanham Act prohibits "in connection with any goods or services, or any container for goods" any "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which... is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."

To establish a violation of Section 1114(1)(a) and Section 1125(a) of the Lanham Act, a plaintiff must establish the following: (1) that it owns a valid, protectible mark; and (2) that there is a likelihood of confusion between its mark and defendant's mark. *B&B Hardware, Inc. v. Hargis Indus.*, 569 F.3d 383, 389 (8th Cir. 2009). To determine whether there is a likelihood of confusion between the parties' marks, a court must consider eight factors: "(1) strength of mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the

mark; and (8) the likelihood of expansion of the product lines." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated on other grounds*, *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 810 n. 19 (9th Cir. 2003).  The *Sleekcraft* factors are not an exhaustive list of factors relevant to a judicial determination of the likelihood of consumer confusion, and courts must consider such factors as are relevant to the facts of the particular situation. *Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, 638 F.3d 1137, 1142 (9th Cir. 2011).

Plaintiff has established trademark infringement under the Lanham Act.  Plaintiff has shown that its marks are valid trademarks.  *Tri-Star Pictures, Inc. v. Unger*, 14 F. Supp. 2d 339, 353 (S.D.N.Y. 1998).  Plaintiff filed United States Patent Trademark Office ("USPTO") documents reflecting its rights to the AAA Marks.  The registered marks include Reg. Nos. 829,265 and 2,158,654.  (Doc. 1. Ex. 2).  This document establishes that Plaintiff's mark is federally registered and is a valid, protectible mark. *See Zobmondo Entm't, LLC v. Falls Media*, LLC, 602 F.3d 1108, 1115 (9th Cir. 2010) ("There can be no serious dispute with the principle that a federal trademark registration of a particular mark supports the distinctiveness of that mark, because the USPTO should not otherwise give it protection.").  Second, Plaintiff has established a likelihood of confusion.  As reflected in the USPTO documents, Plaintiff's AAA Marks have been utilized by the American Automobile Association since 1967 and registered for several decades.  (Pl.'s Compl, Ex. 2).  The fact that Plaintiff's mark has been used for over a forty years indicates the AAA Marks are very strong.  Further, as evidenced by the Defendant's website, Plaintiff has shown that Defendant continues to use Plaintiff's identical AAA Marks.  Finally, both Plaintiff's and Defendant's products are advertised and available in the travel and accommodation industry.  While there are other factors to consider, these are three of the most important ones.  *See Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1130 (9th Cir. 1998) (strength of the mark; similarity of the mark; and relatedness of the goods deemed most important).  Thus, Plaintiff has proven trademark infringement under the Lanham Act.

**F.     Trademark Dilution**

Plaintiff's complaint also alleges a claim of dilution.  To prevail on a federal dilution claim, the plaintiff must demonstrate that: (1) the plaintiff's mark is famous; (2) the defendant used the plaintiff's mark after the plaintiff's mark became famous; (3) the defendant's use was commercial and in

commerce; and (4) the defendant's use of the plaintiff's mark has likely caused dilution. *See Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 633 (9th Cir. 2008) (citing 15 U.S.C. § 1125(c)(1) and noting that after the 2006 amendments to the statute, a plaintiff need only prove a likelihood of dilution rather than actual dilution). The Lanham Act defines "dilution by blurring" as "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B).

Plaintiff has established trademark dilution. First, the AAA Marks are famous and distinctive. They are quintessential and distinctive marks, entitled to the strongest and broadest protection available from the trademark laws. Through longstanding use, advertising, and registration, the AAA Marks have achieved a high degree of consumer recognition, denoting quality accommodations and services in the travel industry. The public and the trade recognize the AAA Marks as designating products and services endorsed by Plaintiff.

Second, Defendant's use of the AAA Marks began after Plaintiff established their famous marks, seeking a free ride on the value of Plaintiff's trademarks. Finally, Defendant's use of the AAA Marks on its commercial website without authorization dilutes the AAA Marks by diminishing the marks' value as a means of identifying and distinguishing Plaintiff's products and services. *See Mattel*, 296 F.3d at 903. Accordingly, Plaintiff has established dilution. *Jada Toys, Inc.*, 518 F.3d at 634; *Coach, Inc. v. Sac a Main*, 2012 U.S. Dist. LEXIS 159907 at *12 (E.D. Cal. Nov. 6, 2012).

**G.     Injunctive Relief**

In light of Defendant's infringement, AAA seeks to permanently enjoin Defendant from using AAA's trademarks or similar designations without its authorization. Under the Lanham Act, "the district court [has] the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). Plaintiff also seeks an order, pursuant to 15 U.S.C. § 1118 to impound and destroy any print directory, internet directory, or website that Defendant has caused to display the AAA

Marks. (Doc. 23). The Court notes that 15 U.S.C. § 1118 does not make impoundment a mandatory form of relief; rather, the Court "may order the destruction or other reasonable disposition of all copies ... found to have been made or used in violation of the trademark owner's exclusive rights . .."

For the Court to grant a permanent injunction, Plaintiff must demonstrate that it is likely to succeed on the merits, that there is a likelihood of irreparable injury if injunctive relief is not granted, that a balance of hardships favors Plaintiff, and that an injunction will advance the public interest. *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20 (2008). Plaintiff satisfies these criteria. In this case, Plaintiff has achieved "actual success on the merits" through the admission of liability arising from Defendant's default. *See United States v. Merritt*, 2011 U.S. Dist. LEXIS 122254 at *20 (E.D. Cal. Oct. 20, 2011) (Plaintiff established actual success on the merits because Plaintiff was entitled to default judgment). Next, if an injunction were not granted, AAA would suffer irreparable injury from the ongoing damages to its reputation and goodwill. Furthermore, the balance of hardships favors Plaintiff because an injunction will only proscribe Defendant's infringing activities. Finally, an injunction is in the public interest because "[t]he public has an interest in avoiding confusion between two companies' products." *Internet Specialties West, Inc. v. Millon–Di Giorgio Enters., Inc.*, 559 F.3d 985, 993 n. 5 (9th Cir. 2009). Defendant should therefore be restrained and enjoined from any and all use of the AAA Marks. Further, because the Court has found that Plaintiff has established that Defendant willfully infringed Plaintiff's trademark, the Court rules that Plaintiff is entitled to impoundment and destruction pursuant to 15 U.S.C. § 1118.

**CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's Motion for Default Judgment (Doc. 22) against Defendant Oakhurst Lodge be GRANTED;

2. Plaintiff shall file a notice of voluntary dismissal as to Defendant Chetanukmar Patel or a notice informing the Court that it intends to proceed to trial against Defendant Chetanukmar Patel within fifteen (15) days of this order.

3. Plaintiff is ordered to serve a copy of these Findings and Recommendations and the Order of Adoption on Defendant's within ten (10) days of the service of the Order

Adopting Findings and Recommendations.

4. Defendant, their agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant are enjoined and restrained from engaging in any of the following acts:

    (1) Using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any tourist accommodations and other related services at any locality in the United States;

    (2) Using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate Defendant's business or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

    (3) Referring to its businesses as "triple A approved" (either orally or in writing) in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

    (4) Representing to anyone (either orally or in writing) that its business is affiliated with Plaintiff in any way or is an AAA agent or contractor unless its businesses are approved by Plaintiff to be an AAA agent or contractor;

5. Defendant, pursuant to 15 U.S.C. § 1118, shall deliver to Plaintiff's attorney within thirty (30) days after service of the Order Adopting Findings and Recommendations, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in its possession or control that contain the infringing designation "AAA" or any other name or mark incorporating Plaintiffs service marks, either alone or in combination with other words and symbols;

6. Defendant is further ordered to remove from its business premises within thirty (30) days

after service of the Order Adopting Findings and Recommendations, all instances of the "AAA" designation, and to destroy all molds, plates, masters, or means of creating the infringing items;

7. Defendant is further ordered to instruct, within thirty (30) days after service of the Order Adopting Findings and Recommendations, any print directory, Internet directory, or website that it has caused to carry the AAA mark, including, without limitation, any reference to the "AAA" designation or other infringing designation, to cease using such names at the earliest possible date;

8. Within thirty (30) days after service of the Order Adopting Findings and Recommendations, Defendant is ordered to file with the Clerk of the Court and to serve Plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this injunction.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within ten (10) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 18, 2012**            /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE